IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Reverend Dr. Samuel Whatley; Samuel Whatley, II; and Pacita Whatley, | C/A No. 2:23-cv-2015-SAL |
| Plaintiffs, | |
| v. | **ORDER** |
| Wells Fargo Bank, N.A., | |
| Defendants. | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.) ("Report"). [ECF No. 19.] In the Report, the magistrate judge recommends summarily dismissing this matter pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. *Id.* at 1. Included with the Report was a notice advising Plaintiffs of the procedures and requirements for filing objections to the Report. *Id.* at 2. Plaintiffs filed objections and a motion to serve and seal.[1] [ECF Nos. 23, 24.] This matter is ripe for review.

**REVIEW OF A MAGISTRATE JUDGE'S REPORT**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a

---

[1] Thereafter, the court received another copy of the objections and motion to serve and seal. It has been docketed as a supplement to the objections, ECF No. 27, but it contains the same information as ECF Nos. 23, 24.

1

de novo determination of only those portions of the Report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part.  28 U.S.C. § 636(b)(1).  Absent objections, the court need not provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues— factual and legal—that are at the heart of the parties' dispute.'"  *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted).  Thus, "[i]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation."  *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009).

Because Plaintiffs are proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Plaintiffs to fully develop potentially meritorious claims.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

### I.  Background and Procedural History

On May 12, 2023, Plaintiffs filed this action against Defendant raising claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*; and the Privacy Act of 1974, 5 U.S.C. § 552a.  [ECF

2

No. 1.] In their complaint, Plaintiffs allege Defendant is collecting debt from a "disabled elderly individual" by filing suit in the Charleston Court of Common Pleas. *Id.* at 5. They further allege Defendant is selling sensitive employment-related information of one of the plaintiffs to unauthorized third parties. *Id.* As relief, Plaintiffs seek "[d]ismissal of the unpayable debt demands, removal of sensitive federal employment and government information that is being sold to unauthorized [] third parties, compensation for the injury caused to the plaintiffs, and thorough inspection of the access to federal databases by unauthorized third parties." *Id.*

On May 24, 2023, the magistrate judge issued an order regarding amendment of the complaint. [ECF No. 12.] Therein, she advised Plaintiffs that their action was subject to review under 28 U.S.C. § 1915 since they were proceeding in forma pauperis. *Id.* at 2. The magistrate judge further identified the following deficiencies in the complaint that would subject it to summary dismissal under § 1915:

- "fail[ure] to comply with the federal pleading requirement that the Complaint contain a short and plain statement showing the plaintiffs are entitled to relief[,]" ECF No. 12 at 3, because Plaintiffs have failed to specify which Plaintiffs have been injured and because it appears only Pacita is being sued by Defendant based on the attachments to the complaint, *see* Fed. R. Civ. P. 8; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

- failure to show a violation of the FDCPA where "Plaintiffs do not provide any facts that would plausibly show that the defendant is a debt collector as the FDCPA defines the term" and "Plaintiffs fail to provide facts that plausibly implicate an act or omission prohibited by the FDCPA[,]" ECF No. 12 at 4;

- failure to properly allege a claim under the FCRA where "Plaintiffs' allegations appear to be unrelated to credit reporting or credit reporting agencies" since "Plaintiffs claim the

3

- defendant sold sensitive information to third-party debt relief corporations—not credit reporting agencies[,]" ECF No. 12 at 5; and

- "fail[ure] to allege facts that would plausibly show that [Defendant] violated the Privacy Act of 1974" because "[D]efendant is not a federal agency, and the Privacy Act does not regulate the collection, maintenance, use, [and] dissemination of information in state court lawsuits[,]" ECF No. 12 at 5.

The order further noted that "to the extent Plaintiffs ask this court to interfere in an ongoing state civil proceeding, such relief is generally not available in a federal lawsuit." [ECF No. 12 at 6.] The magistrate judge advised Plaintiffs that they had twenty-one days to amend their complaint to correct the deficiencies she had identified, and, if they failed to do so, she would recommend the case be summarily dismissed pursuant to § 1915.

On June 6, 2023, Plaintiffs filed an objection notice to the amendment order. [ECF No. 15.] Plaintiffs declined to amend their complaint and, instead, repeated allegations from the complaint about Defendant's actions. *See id.* at 1–2. Plaintiffs further asserted they were not asking this court to interfere with a lower court but were asking the court "to uphold the federal and state laws or rules granted by the U.S. Constitution, Bill of Rights, Declaration of Independence, Federal Rules of Civil Procedure, and South Carolina Local Civil Rules of Procedure as it relates to consumer protection laws and debtors." *Id.* at 2.

Along with their objection to the amendment order, Plaintiffs filed a motion to seal asking that "the supporting evidence to this case be sealed to the public because it is about financial information." [ECF No. 14.] On July 19, 2023, the magistrate judge issued a text order denying

4

the motion to seal because it did not comply with the mandatory requirements of Local Civil Rule 5.03 (D.S.C.) for filing documents under seal. [ECF No. 21.]

On July 18, 2023, the magistrate judge issued the Report where she recommended summary dismissal of Plaintiffs' complaint for the reasons given in the order regarding amendment. [ECF No. 19.]

Plaintiffs then filed objections to the Report. [ECF No. 23.] Plaintiffs argue the magistrate judge should not have denied the motion to seal "due to it being protected financial information under Federal Rules of Civil Procedure Rule 5.2(a)." [ECF No. 23 at 2.] Plaintiffs further contest the magistrate judge's conclusion that they have failed to state a claim on which relief may be granted, and they point to the specific relief they requested in their complaint. *Id.* at 1. Plaintiffs also allege both the magistrate judge and the undersigned have "a financial conflict of interest investment in the bank according to financial disclosure reports." *Id.* at 2. They argue "[s]ince both assigned Magistrate and Presiding's financial interest will affect the proceeding in this case, it is not surprising that it is recommended to be dismissed without serving the Defendant." *Id.* Along with their objections, Plaintiffs filed a motion to seal and motion to serve defendant. [ECF No. 24.] The court addresses these objections below.

**II.     Discussion**

First, regarding Plaintiffs' motion to seal, the court agrees with the magistrate judge's assessment. Plaintiffs have failed to comply with Local Civil Rule 5.03 (D.S.C.), which requires a motion to seal be accompanied by a memorandum. According to the Rule, that memorandum

> shall (1) identify, with specificity, the documents or portions thereof for which sealing is requested; (2) state the reasons why sealing is necessary; (3) explain (for each document or group of documents) why less drastic alternatives to sealing will

> not afford adequate protection; and (4) address the factors governing sealing of documents reflected in controlling case law.

Local Civil Rule 5.03. The rule also requires a non-confidential, descriptive index of the documents. *Id.* Plaintiffs fail to comply with this rule in their motions, and, thus, their motion should be denied. Accordingly, the court denies ECF No. 24 and affirms the magistrate judge's earlier denial of Plaintiffs' motion to seal.

Plaintiffs next object to the magistrate judge's conclusion that their complaint should be dismissed for failure to state a claim on which relief can be granted. They highlight the specific relief they have requested in the complaint. [ECF No. 23 at 1–2.] Plaintiffs misunderstand the basis for dismissal. The problem with Plaintiffs' complaint is not necessarily the relief they request. The problem is that Plaintiffs fail to plead facts that meet the essential elements of their claims under the FCRA, the FDCPA, and the Privacy Act. The deficiencies of each claim are outlined in the bulleted list above and are detailed in the order regarding amendment. Plaintiffs' recitation of the relief they seek does not cure these deficiencies. Accordingly, the court agrees with the magistrate judge—summary dismissal is appropriate.

Finally, regarding Plaintiffs' allegations that the undersigned and the magistrate judge have financial conflicts of interest in this case, the court notes that Plaintiffs have not filed a motion for recusal. Of note, Plaintiff Samuel T. Whatley, II, filed judicial complaints against the magistrate judge and the undersigned in June 2023, which were denied by the Fourth Circuit that same month, and the petition for review was denied in August 2023. The court also sees no reason to sua sponte recuse herself in this matter. Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." The judge must recuse herself if she "knows that [s]he, individually or as a fiduciary, . . . has a financial interest in the subject matter in controversy or in a party to the

proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." *Id.* at § 455(b)(4). The excerpts Plaintiffs provide from the undersigned's financial disclosure report are from a past year. Based on the undersigned's most recent financial disclosure, which predates this case, the undersigned has no asset or account with Defendant. The undersigned's previous financial disclosure provides no basis for recusal under § 455(a).[2]

## CONCLUSION

For the reasons set forth above, the Report [ECF No. 19] is adopted and incorporated. Likewise, the deficiencies described in the order regarding amendment are incorporated herein. [ECF No. 12.] As a result, Plaintiff's complaint is **SUMMARILY DISMISSED** without prejudice and without issuance and service of process. Additionally, Plaintiffs' motion to seal, ECF No. 24, is **DENIED** for the reasons discussed above.

**IT IS SO ORDERED.**

December 13, 2023  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge

---

[2] The court does not address whether any previously held assets would support recusal under § 455 if they were still maintained. They very well may not. *See* 28 U.S.C. § 455(d)(4)(i) ("Ownership in a mutual or common investment fund that hold securities is not a 'financial interest' in such securities unless the judge participates in the management of the fund."); *see also United States v. Farkas*, 149 F. Supp. 3d 685, 698 (E.D. Va. 2016) (finding a judge's mutual funds and certificate of deposit were "squarely protected by the safe harbor exception in § 455(d)(4)(i) since there was no allegation the judge participated in the management of any of her investments). The court chooses the most expeditious way to overrule this objection.